# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**VICTOR S. MARTINI,**

      **Plaintiff,**

-vs-                                 **CIVIL ACTION NO. 04-354E**
                                         **JUDGE SEAN J. McLAUGHLIN**
                                         **MAGISTRATE JUDGE SUSAN PARADISE BAXTER**

**PRESQUE ISLE CAPITAL**
**MANAGEMENT, INC. and**
**JAMES H. THOMAS, Individually**
**And as an Agent and Employee thereof,**

      **Defendants.**

_____/

## OBJECTIONS TO PART OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    NOW COMES the Plaintiff, through Undersigned Counsel, and pursuant to Local Rule 72.1.4 B, to file his Objections to a portion of the Magistrate Judge's Report and Recommendation as follows:

    The Magistrate Judge makes reference to this Sarbanes-Oxley Act of 2002 in making a statute of limitations determination relative to claims brought pursuant to §10(b) and Rule 10b-5 as being no later than the earlier of two years after discovery of facts constituting a violation or five years after discovery of violation. However, rather than imposing that five-year limit, the Report and

Recommendation takes the position that the receipt of confirmations and monthly account statements should have given rise to a duty of inquiry on the part of the Plaintiff, thus imposing the two-year statute of limitations period upon him. That position is not correct, and, in fact, a defense of ratification, based upon receipt of monthly statements and confirmations, has been held by the United States Supreme Court to be insufficient.

In <u>Syckle v. CL King & Assoc., Inc</u>., Fed. Sec. L. Rep 822 F.Supp. 98 (NDNY May 23, 1993), citing the case of <u>Meyers v. Brooks Weinger</u>, 1992 U.S. Dist Lexis 7031, (SDNY 1992), it was held that:

> Ratification of unauthorized trading occurs only when it is clear from all the circumstances that the customer intends to adopt the trade as his own. Knowledge of the pertinent facts and the clear intent to approve the unauthorized action is a precondition to ratification.

The failure of a Plaintiff to notify a Defendant of either questionable or unsuitable trades immediately upon receipt of the trade confirmations and monthly statements amounts does not, as might be claimed, based upon the language of the said Report and Recommendation, give rise to a defense claim of a ratification of improper trades. Consequently, it also be said that it does not give rise to the running of the Statute of Limitations. The law in this area is contrary to such a conclusion.

In <u>Davis</u>, the court, quoting its decision in <u>Karlen v. Ray E. Friedman & Co.</u>, 688 F.2d 1193 (8th Cir.1982), held that in ratification arguments [t]he question is not simply whether [the customer] assented to the trades; rather it is whether [the customer's]

apparent assent was given voluntarily and intelligently, and with full knowledge of the facts. ...

It has long been recognized that confirmation slips and monthly statements do not enable a customer to determine his or her overall position of the total amount of real profit or loss occurring, unless the customer is sufficiently skilled to elaborate upon them to make that determination. ...

When a customer lacks the skill or experience to interpret confirmation slips, monthly statements or other such documents, courts have generally refused to find that they relieve a broker of liability for its misconduct. Davis v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 906 F.2d 1206, 1213, *supra.*

In both Davis and Karlen, the court rejected the broker and brokerage house's contention that they should be relieved of liability because the customer failed to report their indiscretions upon receipt of the confirmations and monthly statements.

Finally, rather than granting a Summary Judgment or a Motion to Dismiss in part of this matter, the Plaintiff should have been given Leave to file an Amended Complaint, alleging other causes of action, if such existed, that would stretch the two-year statute of limitations period into four years.

The Magistrate Judge, in her Report and Recommendation, should, have directed the Plaintiff to file an Amended Complaint, rather than granting Summary Judgment or a Motion to Dismiss.

WHEREFORE, it is respectfully requested that the District Court do the following:

- Reverse the portion of the Magistrate Judge's Report and Recommendation that indicates that the receipt of these statements and confirmations tolled the statute of limitations; and

- Vacate the Order that is attached to the Magistrate Judge's Report and Recommendation, and Grant Leave of Court to the Plaintiff to file an Amended Complaint in this matter.

Respectfully submitted:

  /s/ **Arnold Y. Steinberg**
ARNOLD Y. STEINBERG, P.C.
Attorney for the Plaintiff
1420 Centre Avenue - Suite # 1504
Pittsburgh, PA  15219
(412) 434-1190
(412) 434-1131 (FAX)
A5300@ AOL.COM
Pennsylvania Bar No. 26495

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by first-class mail, postage prepaid, to ROBERT L.HERSKOVITS, ESQUIRE, at Bachner & Herskovits, P.C., 26 Broadway, Suite 2310, New York, NY  10004, as Counsel for the Defendants, on this 1st day of July, 2005.

____/s/__**Arnold Y. Steinberg**
ARNOLD Y. STEINBERG, ESQUIRE