ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR S. MARTINI,<br><br>Plaintiff,<br><br>vs.<br><br>PRESQUE ISLE CAPITAL MANAGEMENT, INC. and JAMES H. THOMAS,<br><br>Defendants. | No. 04-354E<br><br>Hon. Maurice B. Cohill, Jr.<br>Magistrate Judge Susan Paradise Baxter |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO PART OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

NOW COMES Defendants, through undersigned counsel, and pursuant to Local Rule 72.1.4 B, to oppose Plaintiff's objections to part of Magistrate Judge Susan Paradise Baxter's Report and Recommendations dated June 27, 2005 (the "Report").

### PLAINTIFF'S FIRST OBJECTION

The Report properly found that "Plaintiff has not disputed that he regularly received trade confirmation slips and account statements from his broker/dealer, and detailed portfolio summaries from Defendants, while he was a client of PICM." Report at 9. Further, consistent with Third Circuit case law cited in the Report, Judge Baxter properly found that receipt of these documents triggered "inquiry notice" concerning Defendants' actions, thereby commencing the two-year statute of limitation applicable to Count I. *Id.* at 11. Because Plaintiff failed to file within the two-year limitation period imposed by The Sarbanes-Oxley Act of 2002, the Report properly recommended the dismissal of Count I on statute of limitations grounds. *Id.* at 12.

Plaintiff objects to this portion of the Report by arguing that:

1

> The failure of a Plaintiff to notify a Defendant of either questionable or unsuitable trades immediately upon receipt of the trade confirmations and monthly statements amounts does not, as might be claimed, based upon the language of the said Report and Recommendation, give rise to a defense claim of a ratification of improper trades. *Consequently, it also be said that it does not give rise to the running of the Statute of Limitations.*

Plaintiff's Objections at 2 (emphasis added).

Plaintiff relies upon two cases adjudicated outside the Third Circuit to argue that the receipt of confirmation slips and account statements does not give rise to a ratification defense: *Syckle v. CL King & Assoc., Inc.*, 822 F. Supp 98 (NDNY 1993) *and Davis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 906 F.2d 1206, 1213 (8th Cir. 1990). Plaintiff then bootstraps off of that argument to conclude – without citation to any authority whatsoever – that receipt of confirmation slips and account statements likewise "does not give rise to the running of the Statute of Limitations." Plaintiff's Objections at 2.

Plaintiff's unsupported argument seeks to improperly merge the doctrine of ratification with the statute of limitations. Whether or not Plaintiff ratified the trades at issue is immaterial because The Sarbanes-Oxley Act of 2002 does not require "ratification" of a securities transaction to commence the limitation period. 28 U.S.C. § 1658(b). Rather, the Sarbanes-Oxley Act of 2002 expressly provides that the limitation period applicable to Count I is the earlier of (i) two after discovery of the facts constituting the violation, or (ii) five years after such violation. *Id.* Thus, in one fell swoop, Plaintiff seeks to re-write The Sarbanes-Oxley Act of 2002 and further asks this Court to ignore Third Circuit precedent cited by Judge Baxter. Plaintiff's first objection is without merit and must be rejected.

2

## PLAINTIFF'S SECOND OBJECTION

Plaintiff second objection to the Report is equally unpersuasive, wherein he argues that:

> Rather than granting a Summary Judgment or a Motion to Dismiss in part of this matter, the Plaintiff should have been given leave to file an Amended Complaint, alleging other causes of action, if such existed, that would stretch the two-year statute of limitations period into four years.

Plaintiff's Objections at 2.

Defendants are aware of no cause of action that "stretches" the statute of limitation for a separate cause of action. Perhaps Plaintiff meant that, if given the opportunity to file an Amended Complaint, he would consider adding another cause of action having a four-year statute of limitation.

As noted in the Report, on December 13, 2000, Defendants transacted the final purchase of a security on Plaintiff's behalf. Report at 3. Therefore, any cause of action with a four-year limitation period would itself be outright time-barred. As such, the Court should reject Plaintiff's second objection.

## CONCLUSION

For the reasons set forth above, Defendants Presque Isle Capital Management, Inc. and James H. Thomas respectfully request that the District Court affirm the Magistrate Judge's Report and Recommendation in its entirety.

Dated: July 8, 2005

                                        Respectfully submitted,

                                        **Presque Isle Capital Management, Inc. and James H. Thomas**

                  By:         _____
                                          Robert L. Herskovits

Robert L. Herskovits, Esq.
BACHNER & HERSKOVITS, P.C.
Attorney for Defendants*
26 Broadway, Suite 2310
New York, NY 10004
(212) 344-7778
(212) 344-7774 – fax
rh@ bhlawfirm.com – email

*Subject to *pro hac vice*
 admission

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused to be served on July 8, 2005, by facsimile and first class mail, a copy of the DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO PART OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, to Plaintiff's counsel:

> Arnold Y. Steinberg, Esq.
> Arnold Y. Steinberg, P.C.
> 1420 Center Avenue
> Suite 1504
> Pittsburgh, PA 15219

By: _____
Robert L. Herskovits

Robert L. Herskovits, Esq.
BACHNER & HERSKOVITS, P.C.
26 Broadway, Suite 2310
New York, NY 10004
(212) 344-7778
(212) 344-7774 – fax

# BACHNER & HERSKOVITS, P.C.
### ATTORNEYS AT LAW
### 26 BROADWAY
### SUITE 2310
### NEW YORK, NEW YORK 10004

TELEPHONE: (212) 344-7778
FACSIMILE: (212) 344-7774

www.bhlawfirm.com

MICHAEL F. BACHNER*
ROBERT L. HERSKOVITS

JESSICA S. HAAZ

*ALSO ADMITTED IN NJ

NEW JERSEY OFFICE
175 FAIRFIELD AVENUE
SUITE 3D
WEST CALDWELL, N.J. 07006
TEL: (973) 403-9550

July 8, 2005

**BY FEDERAL EXPRESS**

United States District Courthouse
Western District of Pennsylvania
17 South Park Row
Erie, PA 16501

Attn: Clerk's Office

      Re:    <u>Victor S. Martini v. Presque Isle Capital, et al.</u>
              04-354E

Dear Sir or Madam:

    I represent defendants Presque Isle Capital Management, Inc. and James H. Thomas subject to *pro hac vice* admission.

    Enclosed for filing are the original and one copy of:

- Defendants' Opposition to Plaintiff's Objections to Part of Magistrate Judge's Report and Recommendation.

                      Yours truly,

                      Robert L. Herskovits

Cc:    Arnold Y. Steinberg, Esq. (By fax and mail w/enc.)