IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR S. MARTINI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRESQUE ISLE CAPITAL )<br>MANAGEMENT, INC., and )<br>JAMES H. THOMAS, )<br>)<br>Defendants. ) | Civil Action No. 04-354 Erie |

## ORDER

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation filed on June 28, 2005, recommended that the Defendants' Motion for Summary Judgment or in the alternative, to Dismiss (Doc. 8) be granted in part and denied in part. The parties were allowed ten (10) days from the date of service to file any objections. Service was made on all parties. Plaintiff filed Objections to Part of Magistrate Judge's Report and Recommendation (Doc. 20), to which Defendants filed an Opposition (Doc. 21).

<u>Plaintiff's Objections</u>

Plaintiff first objects to the Magistrate Judge's Report and Recommendation recommending dismissal of Count I alleging fraud under sections 10(b) and 10b-5 of the Securities and Exchange Act of 1934 because Plaintiff failed to file his action within the two-year limitations period imposed by the Sarbanes-Oxley Act of 2002, § 28 U.S.C. 1658(b). We agree with Defendants that Plaintiff's argument confuses "ratification" of a transaction with when a Plaintiff discovered or should have discovered in the exercise of reasonable diligence

the basis of his claims such that the limitations period begins to run. Our review of the briefs and the Report and Recommendation show that Plaintiff offers no valid objection to this portion of the Magistrate Judge's Report and Recommendation.

Next, Plaintiff asserts that instead of partially granting Defendants' motion for summary judgment the Magistrate Judge should have given Plaintiff leave to file an Amended Complaint to allege "other causes of action, if such existed, that would stretch the two-year statute of limitations period into four years." (Plaintiff's Objections to Part of Magistrate Judge's Report and Recommendation, at 3.) Plaintiff offers no support for this request and we see none. Accordingly, we will affirm the Magistrate Judges' report and Recommendation in its entirety.

After *de novo* review of the documents in the case, together with the report and recommendation and Plaintiff's Objections to Part of Magistrate Judge's Report and Recommendation, the following Order is entered:

AND NOW, to-wit, this 11th day of August, 2005, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Summary Judgment or to Dismiss (Doc. 8) be and hereby is GRANTED in part and DENIED in part as follows:

1. Defendants' motion is GRANTED as to Counts I, II, III, IV, and V of Plaintiff's Complaint. Said Counts are hereby dismissed.

2. Defendant's motion is GRANTED as to only that portion of Count VI that pertains to securities purchases that were transacted by Defendants on Plaintiff's behalf prior to December 6, 1998.

3. Defendants' motion is DENIED as to the remaining portion of COUNT VI that pertains to the twenty-four securities purchases that were transacted by Defendants on Plaintiff's behalf after December 6, 1998. Plaintiff is hereby ORDERED to provide a statement of damages attributable to the twenty-four securities purchases that occurred after December 6, 1998 to aid the Court in determining whether the amount in controversy is sufficient to warrant this Court's exercise of proper jurisdiction.

4. The report and recommendation of Magistrate Judge Baxter (Doc. 19) dated June 27, 2005, and entered on the docket on June 28, 2005, be and hereby is adopted as the Opinion of this Court.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: The Honorable Susan Paradise Baxter
United States Magistrate Judge

all parties of record