ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR S. MARTINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04-354E |
| vs. ) | |
| ) | Hon. Maurice B. Cohill, Jr. |
| PRESQUE ISLE CAPITAL MANAGEMENT, ) | Magistrate Judge Susan |
| INC. and JAMES H. THOMAS, ) | Paradise Baxter |
| ) | |
| Defendants. ) | |

## RENEWAL OF DEFENDANTS' MOTION TO DISMISS

NOW COMES Defendants, though undersigned counsel, to Renew their Motion to Dismiss, pursuant to 28 U.S.C.A. § 1332, for lack of subject matter jurisdiction, in that the amount in controversy is less than $75,000.00.

## PROCEDURAL HISTORY

On June 28, 2005, Magistrate Judge Baxter issued a Report and Recommendation for the dismissal of Counts I, II, III, IV and VI. (Doc. 19).[1] As to Count V, the Report and Recommendation noted that "this Court is without sufficient information to determine whether Plaintiff suffered damages from such transactions in an amount in excess of this Court's jurisdictional requirement of $75,000.00." (Report and Recommendation, at pg. 14).

By Order entered August 11, 2005, this Court affirmed the Report and Recommendation in its entirety. (Doc. 22). In so doing, this Court ordered Plaintiff "to

---

[1] Defendants respectfully submit that the Report and Recommendation contained a typographical error in the Conclusion section. On page 7, the Report recommended the dismissal in full of Count VI because the statute of limitations had lapsed. As to Count V, the Report recommended dismissal only as to those securities purchased before December 6, 1998 (pages 12-14). In the Conclusion section, however, Defendants believe that the Court inadvertently dismissed Count VI, in part, and Count V in full (page 14).

- 1 -

provide a statement of damages *attributable to the twenty-four securities purchases that occurred after December 6, 1998* to aid this Court in determining whether the amount in controversy is sufficient to warrant this Court's exercise of proper jurisdiction." (Doc. 22, at pg. 2) (emphasis added). Plaintiff was further ordered to produce the statement of damages "*before* October 14, 2005 ..." (Doc. 23) (emphasis added).

Plaintiff responded on, but not before, October 14, 2005. (Doc. 24). Defendants urge the Court is follow its earlier Order and dismiss this matter for failure to prosecute. Should this Court nevertheless wish to consider Plaintiff's tardy submission, Plaintiff's Complaint must still be dismissed for lack of subject matter jurisdiction. 28 U.S.C.A. § 1332.

## PLAINTIFF'S RESPONSE

Plaintiff's own "calculation of damages" for securities acquired after December 6, 1998, totals $50,079.25. (Doc. 24, Exhibit page 1 entitled Securities Purchased After 12/6/1998). Obviously, that number falls short of the amount in controversy required for this Court to exercise jurisdiction.

The other pages of Plaintiff's "calculation of damages" are meaningless, non-responsive to the Court's Order, and potentially misleading to the Court. Plaintiff was ordered simply to "provide a statement of damages *attributable to the twenty-four securities purchases that occurred after December 6, 1998* ..." (Doc. 22, at pg. 2) (emphasis added). Plaintiff did provide that calculation – totaling $50,079.25 – and then deceptively provided various other calculations based upon "securities *held* on 12/6/1998" and "sales *after* 12/31/1999." Quite obviously, if securities were "held" on December 6, 1998, they must have been acquired on or before December 6, 1998. Any

damages resulting from securities purchased on or before December 6, 1998, have already been dismissed. (Doc. 22). With respect to the non-itemized exhibit entitled "sales after" December 31, 1999 – and an alleged loss of $146,131 – this misleading calculation must incorporate securities which were purchased <u>before</u> December 6, 1998, a time period already dismissed by this Court. Had Plaintiff both purchased and sold these securities after December 6, 1998, his alleged damages in the Exhibit entitled "Securities Acquired After 12/6/1998" would have been far more than $50,079.25. (Doc. 24, Exhibit page 1).

## CONCLUSION

Plaintiff's own "calculation of damages" for securities acquired after December 6, 1998, totals $50,079.25. Accordingly, for the reasons set forth above, Defendants renew their motion to dismiss, pursuant to 28 U.S.C.A. § 1332, for lack of subject matter jurisdiction, in that the amount in controversy is less than $75,000.00.

Dated: October 14, 2005

                          Respectfully submitted,

                          **Presque Isle Capital Management, Inc. and James H. Thomas**

                By: _____
                          Robert L. Herskovits

Robert L. Herskovits, Esq.
BACHNER & HERSKOVITS, P.C.
Attorney for Defendants*
26 Broadway, Suite 2310
New York, NY 10004
(212) 344-7778
(212) 344-7774 – fax
rh@ bhlawfirm.com – email

*Subject to *pro hac vice*
  admission

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused to be served on October 14, 2005, by overnight courier, a copy of RENEWAL OF DEFENDANTS' MOTION TO DISMISS COMPLAINT, to Plaintiff's counsel:

>Arnold Y. Steinberg, Esq.
>Arnold Y. Steinberg, P.C.
>1420 Centre Avenue
>Suite 1504
>Pittsburgh, PA 15219

>By: _____
>Robert L. Herskovits

Robert L. Herskovits, Esq.
BACHNER & HERSKOVITS, P.C.
26 Broadway, Suite 2310
New York, NY 10004
(212) 344-7778
(212) 344-7774 – fax

**BACHNER & HERSKOVITS, P.C.**
ATTORNEYS AT LAW
26 BROADWAY
SUITE 2310
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 344-7778
FACSIMILE: (212) 344-7774

MICHAEL F. BACHNER*
ROBERT L. HERSKOVITS

*ALSO ADMITTED IN NJ

NEW JERSEY OFFICE
175 FAIRFIELD AVENUE
SUITE 3D
WEST CALDWELL, N.J. 07006
TEL: (973) 403-9550

October 14, 2005

BY FEDERAL EXPRESS

United States District Courthouse
Western District of Pennsylvania
17 South Park Row
Erie, PA 16501

Attn: Clerk's Office

> Re: Victor S. Martini v. Presque Isle Capital, et al.
> 04-354E

Dear Sir or Madam:

I represent defendants Presque Isle Capital Management, Inc. and James H. Thomas subject to *pro hac vice* admission.

Enclosed for filing are the original and one copy of:

- Renewal of Defendants' Motion to Dismiss.

Yours truly,

Robert L. Herskovits

Cc: Arnold Y. Steinberg, Esq. (By FedEx w/enc.)