IN THE UNITED STATES COURT FOR THE WESTERN DISTRICT OF

P E N S Y L V A N I A

VICTOR S. MARTINI,

                Plaintiff,               CIVIL ACTION NO. 04-354E
                                                         JUDGE SEAN J. McLAUGHLIN
-vs-                                             MAGISTRATE JUDGE SUSAN PARADISE BAXTER

PRESQUE ISLE CAPITAL MANAGEMENT, INC.
and JAMES H. THOMAS, Individually
and as an Agent and Employee thereof,

                Defendants.
_____/

### OPPOSITION TO RENEWED MOTION TO DISMISS

      NOW COMES the Plaintiff, through Undersigned Counsel, to Oppose the Renewed Motion to Dismiss that was filed in this case as follows:

#### PROCEDURAL HISTORY

#### The Time of Filing

      1.    This action was brought pursuant to 28 U.S.C. S §1332, alleging diversity jurisdiction.  This action was also brought pursuant to § 27 of the Securities Exchange Act of 1934, in which jurisdiction of actions brought pursuant to that statute are to be brought in Federal Court.

      2.    The Plaintiff was Ordered to show cause before October 14, 2005 as to why this case should not be dismissed for lack of subject matter jurisdiction and to provide the Court with a statement of damages attributable to the 24 securities purchases that were transacted by the Defendants on the Plaintiff's behalf after December 6, 1998.

ARNOLD Y. STEINBERG, P.C. - Attorney at Law - The Washington Plaza - #1504
1420 Centre Avenue - Pittsburgh, PA  15219 - (412) 434-1190 - (412) 434-1131 (Facsimile)

1

3.   The day before October 14, 2005 was October 13, 2005, which was the Yom Kippur Jewish High Holiday, which is a day in which Undersigned Counsel does not transact business due to religious constraints.

4.   Consequently, the pleading in question was electronically filed from Florida, where Plaintiff's Counsel had gone to celebrate the Jewish High Holiday on the day after that holiday.

### The status of this case

5.   Procedurally, there is some confusion as to what the Court held in its August 11, 2005 Order.  If, as the Order says, Count VI remains a viable claim, then the emotional distress being sought by the Plaintiff under that Count remains a claim for which damages cannot be specifically attributed.  Any such damages must therefore be proven at the time of trial.

6.   Further, if the August 11, 2005 Order actually applies to Count V, which seeks damages pursuant to the Pennsylvania Unfair Trade Practices/Consumer Protection Laws, then the $50,079.25 that are cited in the first page of the exhibits, would be tripled pursuant to the statute, therefore calculating to $150,237.75 of actual damages, exclusive of costs and interest.

7.   However, it is respectfully suggested to the Court that the diminutions in value of the securities held by the Plaintiff, all of which were set forth on the third and fourth pages of the attached Exhibits, shows that the lack of attention being paid by the Defendants to the account of the Plaintiff caused substantial damages.

ARNOLD Y. STEINBERG, P.C. - Attorney at Law - The Washington Plaza - #1504
1420 Centre Avenue - Pittsburgh, PA  15219 - (412) 434-1190 - (412) 434-1131 (Facsimile)

2

8. Undersigned Counsel takes specific exception to the characterization, by Defense Counsel, that there had been an attempt, on his part, to mislead the Court. Undersigned Counsel finds it inexcusable that an attorney admitted to practice before this Court on a *Pro Hac Vice* basis would ever accuse the incoming President of the Western Pennsylvania Federal Bar Association as attempting to mislead this Court or any other Court, and Undersigned Counsel specifically requests that the Court not accept this attempt to prejudice it, at his expense, in favor of the Defendants.

## CONCLUSION

9. On the one hand, the Court is dealing with damages in the amount of $150,237.75 which represents the Unfair Trade Practices Statute's tripling of the $50,079.25 previously mentioned.

10. On the other hand, emotional distress damages cannot be measured in precise terms of dollars until after a verdict has been rendered.

WHEREFORE, the Plaintiff requests that the Court Deny the Renewed Motion to Dismiss.

ARNOLD Y. STEINBERG, P.C.
Attorney for the Plaintiff
1420 Centre Avenue - # 1504
Pittsburgh, PA 15219
(412) 434-1190
(412) 434-1131 (FAX)
Pennsylvania Bar No. 26495

ARNOLD Y. STEINBERG, P.C. - Attorney at Law - The Washington Plaza - #1504
1420 Centre Avenue - Pittsburgh, PA 15219 - (412) 434-1190 - (412) 434-1131 (Facsimile)

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by telefax transmission to ROBERT L. HERSKOVITS, ESQUIRE, at Bachner & Herskovits, P.C., 26 Broadway Suite 2310, New York, NY  10004, as Counsel for the Defendants, on this 18th day of October, 2005.

                                        ARNOLD Y. STEINBERG, ESQUIRE

ARNOLD Y. STEINBERG, P.C. - Attorney at Law - The Washington Plaza - #1504
1420 Centre Avenue - Pittsburgh, PA  15219 - (412) 434-1190 - (412) 434-1131 (Facsimile)

4