IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR S. MARTINI,<br><br>        Plaintiff,<br><br>vs.<br><br>PRESQUE ISLE CAPITAL MANAGEMENT, INC. and JAMES H. THOMAS,<br><br>        Defendants. | No. 04-354E<br><br>Hon. Maurice B. Cohill, Jr.<br>Magistrate Judge Susan<br>  Paradise Baxter |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO RENEWAL OF DEFENDANTS' MOTION TO DISMISS**

NOW COMES Defendants, though undersigned counsel, to Reply to Plaintiff's Opposition to Defendants' Renewal of their Motion to Dismiss. For the reasons set forth below, Defendants respectfully request that the single remaining count be dismissed.

I. <u>FAILURE TO PROSECUTE</u>

Plaintiff failed to timely produce his statement of damages before October 14, 2005, as ordered by this Court. (Doc. 23). Plaintiff attempts to justify this failure based upon his attorney's observance of a religious holiday on October 13, 2005. Plaintiff simply has not shown good cause to excuse his violation of this Court's Order. Had Plaintiff needed additional time to submit his statement of damages, he should have requested that relief in advance of the deadline. Plaintiff instead chose to disregard the Court's Order and attempt to justify that behavior after the fact. Defendants urge the Court to follow its earlier Order and dismiss this matter with prejudice for failure to prosecute.

## II. LACK OF SUBJECT MATTER JURISDICTION

### A. Damages Do Not Exceed $50,079.25

Plaintiff's own calculation of damages for securities acquired after December 6, 1998, totals $50,079.25. (Doc. 24, Exhibit page 1). As to the other exhibits attached to Document 24, Plaintiff implicitly concedes that those calculations represent "the diminutions in value of the securities" that were purchased during the time period inclusive of December 6, 1998 and earlier. *See* Plaintiff's Opposition to Renewed Motion to Dismiss ¶ 7. Any such diminution, even if true, is meaningless because this Court has already dismissed all claims for losses resulting from purchases on or before December 6, 1998.

In Plaintiff's Opposition, he urges this Court to nevertheless exercise subject matter jurisdiction by arguing:

> [I]f the August 11, 2005 Order actually applies to Count V, which seeks damages pursuant to the Pennsylvania Unfair Trade Practices/Consumer Protection Laws, then the $50,079.25 that are cited in the first page of the exhibits, *would be tripled pursuant to the statute*, therefore calculating to $150,237.75 of <u>actual damages</u>, exclusive of costs and interest.

Plaintiff's Opposition to Renewed Motion to Dismiss ¶ 6. (emphasis added).

Plaintiff's mandatory tripling argument for computation of "actual damages" is a methodology refuted by the statute he relies upon. It states, in relevant part:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to

> recover actual damages or one hundred dollars ($100), whichever is greater. *The court may, in its discretion, award up to three times the <u>actual damages</u> sustained*, but not less than one hundred dollars ($100), and *may provide* such additional relief as it deems necessary or proper. ...

73 Pa.S.C.A. § 201-9.2. (emphasis added).

Thus, while Plaintiff computes his "actual damages" at $150,237.75, the statute computes Plaintiff's "actual damages" at $50,079.25, which the Court, solely within its discretion, could increase up to three-fold. Thus, the amount-in-controversy – the actual damages – fails to exceed $75,000.00 as required for this Court to exercise subject matter jurisdiction. 28 U.S.C. § 1332.

It is well-settled that "[t]he party asserting jurisdiction has the burden of showing that at all stages of the litigation the case is properly before the federal court." *Packard v. Provident Nat'l* Bank, 994 F.2d 1039, 1044 (3d Cir. 1993). Since Plaintiff refers this Court to absolutely no authority supporting his amount-in-controversy argument, he failed to satisfy his burden.

    B.    <u>Damages Are Likely Far Less Than $50,079.25</u>

Plaintiff was ordered to provide a damage calculation to assist this Court with its jurisdictional analysis with respect to the single remaining count. Although Plaintiff alleges losses of $50,079.25 for all securities purchased after December 6, 1998, the Complaint fails to allege which transaction(s) executed after December 6, 1998 were allegedly done in violation of Pennsylvania's Unfair Trade Practices/Consumer Protection statute ("UTPCPL"). Thus, Defendants are left to guess which, if any of these trades, Plaintiff deems violative and why.

### III. <u>FAILURE TO PLEAD ELEMENTS</u>

In order to state a valid claim under UTCPL, "a plaintiff must prove the elements of common law fraud. Under Pennsylvania law, the essential elements of common law fraud include a material misrepresentation of an existing fact, scienter, justifiable reliance on the misrepresentation and damages." *Booze v. Allstate Ins. Co.*, 750 A.2d 877, 880 (Pa. Super. 2000). As set forth in detail in Defendants' Memorandum in Support of Motion for Summary Judgment or to Dismiss, the Complaint fails to plead material misrepresentations, scienter, reliance or damages flowing from any such misrepresentations. Thus, even if this Court deemed the amount-in-controversy to exceed $75,000.00, Count V must nevertheless be dismissed for failure to plead the requisite elements.

## IV. CONCLUSION

For the reasons set forth below, Defendants respectfully request that the single remaining count be dismissed.

Dated: October 20, 2005

                                            Respectfully submitted,

                                            **Presque Isle Capital Management, Inc. and James H. Thomas**

                            By:    /s/ Robert L. Herskovits
                                        Robert L. Herskovits

Robert L. Herskovits, Esq.
BACHNER & HERSKOVITS, P.C.
Attorney for Defendants*
26 Broadway, Suite 2310
New York, NY 10004
(212) 344-7778
(212) 344-7774 – fax
rh@ bhlawfirm.com – email

*Subject to *pro hac vice*
  admission

- 5 -

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused to be served on October 20, 2005, by facsimile, a copy of DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO RENEWAL OF DEFENDANTS' MOTION TO DISMISS COMPLAINT, to Plaintiff's counsel:

>Arnold Y. Steinberg, Esq.
>Arnold Y. Steinberg, P.C.
>1420 Centre Avenue
>Suite 1504
>Pittsburgh, PA 15219

By: _____
Robert L. Herskovits

Robert L. Herskovits, Esq.
BACHNER & HERSKOVITS, P.C.
26 Broadway, Suite 2310
New York, NY 10004
(212) 344-7778
(212) 344-7774 – fax

# BACHNER & HERSKOVITS, P.C.
## ATTORNEYS AT LAW
26 BROADWAY
SUITE 2310
NEW YORK, NEW YORK 10004

TELEPHONE: (212) 344-7778
FACSIMILE: (212) 344-7774

MICHAEL F. BACHNER*
ROBERT L. HERSKOVITS

*ALSO ADMITTED IN NJ

NEW JERSEY OFFICE
175 FAIRFIELD AVENUE
SUITE 3D
WEST CALDWELL, N.J. 07006
TEL: (973) 403-9550

October 20, 2005

BY FEDERAL EXPRESS

United States District Courthouse
Western District of Pennsylvania
17 South Park Row
Erie, PA 16501

Attn: Clerk's Office

Re: Victor S. Martini v. Presque Isle Capital, et al.
04-354E

Dear Sir or Madam:

I represent defendants Presque Isle Capital Management, Inc. and James H. Thomas subject to *pro hac vice* admission.

Enclosed for filing are the original and one copy of:

- Defendants' Reply to Plaintiff's Opposition to Renewal of Defendants' Motion to Dismiss.

Yours truly,

Robert L. Herskovits

Cc: Arnold Y. Steinberg, Esq. (By fax w/enc.)