IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR S. MARTINI,<br>　　　　　Plaintiff | )<br>)　C.A. No. 04-354<br>) |
| v. | )　District Judge Cohill<br>)　Magistrate Judge Baxter |
| PRESQUE ISLE CAPITAL MANAGEMENT,<br>INC., et al.,<br>　　　　　Defendants. | )<br>)<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　RECOMMENDATION**

It is respectfully recommended that Defendant's renewed Motion to Dismiss [Document # 25] be denied.

**II.　REPORT**

On December 6, 2004, Plaintiff Victor S. Martini filed this action against Defendants Presque Isle Capital Management, Inc. ("PICM") and James H. Thomas ("Thomas"), asserting multiple claims arising from investment advisory services Defendants provided to Plaintiff. In particular, Plaintiff asserted claims of fraud under the Securities and Exchange Act of 1934 (Count I), common law fraud and deceit (Count II), breach of fiduciary duty (Count III), negligent supervision (Count IV), violation of Pennsylvania's Unfair Trade Practice/Consumer Protection Laws (Count V), and infliction of emotional distress (Count VI). As relief, Plaintiff sought compensatory and punitive damages.

On June 28, 2005, upon consideration of Defendants' Motion for Summary Judgment [Document # 8], this Court issued a Report and Recommendation [Document # 19] recommending dismissal of Counts I, II, III, IV, and VI of the Complaint, based on Plaintiff's failure to comply with the applicable statutes of limitation. This Court recommended further that Count V of the Complaint be dismissed as to securities purchases that were transacted by Defendants on Plaintiff's behalf prior to December 6, 1998, because such transactions were

beyond the applicable statute of limitations period. However, with regard to the twenty-four securities purchases transacted by Defendants on Plaintiff's behalf after December 6, 1998, this Court recommended that Plaintiff be allowed to proceed with Count V of his Complaint, but only if Plaintiff could demonstrate that he suffered monetary damages in excess of the jurisdictional requirement of $75,000.00 set forth in 28 U.S.C. § 1332.

On August 11, 2005, District Judge Maurice B. Cohill issued an Order adopting this Court's Report and Recommendation in its entirety.[1] Judge Cohill's Order further required Plaintiff to "provide a statement of damages attributable to the twenty-four securities purchases that occurred after December 6, 1998 to aid the Court in determining whether the amount in controversy is sufficient to warrant this Court's exercise of proper jurisdiction." [Document # 22]. However, since no time period was specified as to when Plaintiff was required to file such a statement, this Court issued a separate Order on September 27, 2005 requiring Plaintiff to file the statement before October 14, 2005. [Document # 23].

Plaintiff filed his statement of damages with this Court on October 14, 2005. [Document # 24]. Schedule II of the statement indicates that Plaintiff suffered losses totaling $ 50,079.25 from securities that were purchased by Defendants on Plaintiff's account after December 6, 1998.[2] In response to this submission, Defendants' have filed a motion to dismiss [Document

---

[1] Regrettably, due to a clerical error, the Conclusion section of this Court's Report and Recommendation mistakenly transposed Counts V and VI. (See Document # 19, Report and Recommendation, at p. 14, Section III). As a result, District Judge Cohill's Order inadvertently dismissed Count V of the Complaint in its entirety, while purportedly dismissing only part of Count VI. This error will be corrected by separate Order to be issued by District Judge Cohill, which will (i) dismiss Count VI in its entirety and (ii) dismiss Count V to the extent it pertains to purchase transactions that occurred prior to December 6, 1998.

[2] Plaintiff also submitted as part of his statement of damages a separate schedule (Schedule I) showing losses allegedly incurred from securities that were held in his account as of December 6, 1998. This schedule is non-responsive to this Court's Order that Plaintiff "provide a statement of damages *attributable to the twenty-four securities purchases that occurred after December 6, 1998...*" (Document # 22 at p. 2)(emphasis added) . As a result, the alleged damages set forth in Plaintiff's "Schedule I" will not be considered for purposes of determining whether the amount in controversy arising from Plaintiff's consumer protection claim meets the jurisdictional requirement of 28 U.S.C. § 1332(a).

# 25] renewing their claim that this action should be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy is less than $ 75,000.00. In addition, Defendants seek dismissal of this action for failure to prosecute due to Plaintiff's failure to file his statement of damages *before* October 14, 2005, in strict compliance with this Court's Order dated September 27, 2005. Plaintiff has filed an "Opposition to Renewed Motion to Dismiss" [Document # 26] refuting Defendant's arguments, and Defendants' have filed a reply to Plaintiff's opposition [Document # 27]. This matter is now ripe for consideration.

### B.     Standard of Review
#### 1.     Subject Matter Jurisdiction - F.R.C.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked, between

3

> 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891. Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

### 2.     Motion to Dismiss - Fed.R.C.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to

survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

### C.    Discussion
#### 1.    Failure to Prosecute

On September 27, 2005, this Court issued an Order requiring Plaintiff to "show cause before October 14, 2005, as to why this case should not be dismissed for lack of subject matter jurisdiction by providing this Court with a statement of damages attributable to the twenty-four securities purchases that were transacted by Defendants on Plaintiff's behalf after December 6, 1998. Failure to provide a statement of damages within such time will result in the dismissal of this case for failure to prosecute." [Document # 23]. Defendants argue that Plaintiff failed to comply with this Court's Order because he filed his statement of damages **on** October 14, 2005, not **before** October 14, 2005, as required by the terms of the Order. As a result, Defendants contend that this case should be dismissed for Plaintiff's failure to prosecute. Such an oppressive result is unwarranted, however, as Plaintiff's one-day delinquency in filing his statement of damages is hardly the type of egregious conduct that would justify dismissal of this case.

#### 2.    Amount in Controversy

28 U.S.C. § 1332 provides, in pertinent part:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> (1)    citizens of different States; ...

In this case, Plaintiff has provided a calculation of damages totaling $ 50,079.25, which he has attributed to the securities that were purchased by Defendants on Plaintiff's account after December 6, 1998. (Document # 24, Schedule II). Since this amount is less than the

jurisdictional requirement of $ 75,000 set forth in 28 U.S.C. § 1332(a), Defendants contend that this case should be dismissed for lack of subject matter jurisdiction. Plaintiff responds that, "the $ 50,079.25 ... would be tripled pursuant to the [Pennsylvania Unfair Trade Practices/Consumer Protection Law ("UTPCPL")], therefore calculating to $ 150,237.75 of actual damages, exclusive of costs and interest." (Document # 26, Plaintiff's Opposition, at p. 2).

Pennsylvania's UTPCPL states, in pertinent part:

> **Private Actions.** (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. *The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper....*

73 Pa.C.S. § 201-9.2 (West 2003)(emphasis added). "This statute clearly allows the court to award treble damages when the act is violated. The statute places no express limit or control on the court's decision." O'Keefe v. Mercedes-Benz USA, LLC, 214 F.R.D. 266, 275 (E.D.Pa. 2003). Nevertheless, Defendants argue that the amount in controversy under 28 U.S.C. 1332(a) would be limited to the actual damages of $ 50,079.25, regardless of the possibility that the Court may award treble damages under the UTPCPL. As a result, Defendant argues that Plaintiff's claimed damages are less than the jurisdictional requirement of $ 75,000. (Document # 27, Defendants' Reply, at p. 3). Although facially appealing, this argument proves unavailing.

In O'Keefe, the plaintiff instituted suit against Mercedes-Benz USA, LLC ("MBUSA"), claiming that MBUSA failed to disclose that a Flexible Service System installed in his vehicle would cause the vehicle to experience premature wear and other internal defects. O'Keefe, 214 F.R.D. at 271. As a result, Plaintiff sought actual damages equal to $ 34,950.00, which represented the cost of his vehicle. Plaintiff's complaint also included a claim under Pennsylvania's UTPCPL, pursuant to which he sought to recover treble damages. Id. at 275. Because the UTPCPL allowed the recovery of treble damages, the court concluded that the plaintiff's claim, when trebled, would exceed the jurisdictional requirement of $ 75,000 under

6

28 U.S.C. § 1332 and, thus, the court had subject matter jurisdiction. In reaching this conclusion, the court considered the fact that "Pennsylvania's appellate courts continue to allow treble damages under the UTPCPL even when the plaintiff suffered no personal injury." Id. at 276-77, citing, McCauslin v. Reliance Fin. Co., 751 A.2d 683, 684 (Pa.Super.Ct. 2000)(trebling damages under the UTPCPL for "actual damages sustained"); Baker v. Cambridge Chase, Inc., 725 A.2d 757, 766-67 (Pa.Super.Ct. 1999)(Since plaintiffs "bring their fraud claim under the UTPCPL, they may, therefore, be entitled to treble damages..."); Metz v. Quaker Highlands, Inc., 714 A.2d 447 (PA.Super.Ct. 1998)(granting land purchasers rescission and treble damages); Sewak v. Lockhart, 699 A.2d 755, 761-63 (Pa.SuperCt. 1997)(affirming treble damage award when seller was found to have fraudulently concealed the fact that a support column was removed from the house); Johnson v. Hyundai Motor Am., 698 A.2d 631, 637-40 (Pa.Super.Ct. 1997)(affirming treble damage award under the UTPCPL when car manufacturer violated warranty).[3] See also Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 401 (3d Cir. 2004)("To test the upper limits of the range for the jurisdictional amount, the resulting computation may be trebled under the Consumer Protection Law")(citations omitted).

Based on the foregoing, this Court finds that Plaintiff's claim meets the amount in controversy requirement of 28 U.S.C. § 1332(a) because he has properly requested treble damages under the UTPCPL. O'Keefe, 214 F.R.D. at 278.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's renewed motion to dismiss [Document # 25] be denied.

---

[3] As the O'Keefe court noted, in a diversity case where Pennsylvania substantive law controls, we must predict how the Pennsylvania Supreme Court would rule on the question at issue; however, "[i]n the absence of guidance from the state's highest court, we are to consider decisions of the state's intermediate appellate courts for assistance in predicting how the state's highest court would rule." Gares v. Willingboro Twp., 90 F.3d 720, 725 (3d Cir. 1996); see also U.S. Underwriters Ins. Co. v. Liberty Mut. Ins. Co., 80 F.3d 90, 93 (3d Cir. 1996) ("The rulings of intermediate appellate courts must be accorded significant weight and should not be disregarded absent persuasive indication that the highest court would rule otherwise").

In accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                S/Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                Chief U.S. Magistrate Judge

Dated: February 6, 2006

cc:    The Honorable Maurice B. Cohill
        United States District Judge