IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR S. MARTINI,<br><br>    Plaintiff,<br><br>    v.<br><br>PRESQUE ISLE CAPITAL<br>MANAGEMENT, INC., and<br>JAMES H. THOMAS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 04-354 Erie<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation filed on February 6, 2006, recommended that the Defendants' Renewed Motion to Dismiss (Doc. 25) be denied. The parties were allowed ten (10) days from the date of service to file any objections. Service was made on all parties. Defendants filed Objections to Part of Magistrate Judge's Report and Recommendation (Doc. 29), objecting "insofar as [the report and recommendation] failed to address one argument in favor of dismissal, namely, Plaintiff's failure to plead the requisite elements of Count V." (Defendants' Objections, at ¶ 1 (citing Defendants' Renewed Motion to Dismiss (Doc. 25), at p. 4).)

Defendants' Objection is mistaken. Defendants set forth two arguments: (1) that Count V should be dismissed because Plaintiff failed to comply with the Court's order to show cause *before* October 14, 2005, by filing his show cause pleading *on* October 14, 2005; and (2) that Count V should be dismissed for lack of subject matter jurisdiction for failing to plead the

requisite amount in controversy to sustain jurisdiction. As to the first argument, the report and recommendation dealt with it on page 5. As to the second argument, the report and recommendation dealt with it on pages 5 through 7. Moreover, page 4 of <u>Defendants' Renewed Motion to Dismiss</u>, which Defendants cite to in support of their objections, is the Certificate of Service page. We find no merit to Defendants' objection. Accordingly, we will affirm the Magistrate Judges' report and recommendation in its entirety.

In addition, the Magistrate Judge has alerted us that due to an error in our Order dated August 11, 2005 (Doc. 22) due to a clerical error we transposed Count V and Count VI in our conclusion section. Thus, we inadvertently dismissed Count V of the Complaint and purported to dismiss only part of Court VI. Fortunately the parties understood our intention and have proceeded as if we entered our Order correctly. We will formally correct our error in this Order.

After *de novo* review of the documents in the case, together with the report and recommendation and Plaintiff's Objections to Part of Magistrate Judge's Report and Recommendation, the following Order is entered:

AND NOW, to-wit, this __6th__ day of March, 2006, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Renewed Motion to Dismiss (Doc. 25) be and hereby is DENIED. The report and recommendation of Magistrate Judge Baxter (Doc. 28) dated February 6, 2006, be and hereby is adopted as the Opinion of this Court.

IT IS FURTHER ORDERED, in clarification and correction of our previous Order dated August 11, 2005 (Doc. 22), that said Order is hereby modified as follows:

1. Defendants' motion to dismiss (Doc. 8) is GRANTED as to Count VI of Plaintiff's Complaint. Count VI is hereby dismissed.

2. Defendants' motion to dismiss (Doc. 8) is GRANTED as to only that portion of Count V that pertains to securities purchases that were transacted by Defendants on Plaintiff's behalf prior to December 6, 1998.

3. All other aspects of the Order dated August 11, 2005 (Doc. 22) remain the same.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   counsel of record