IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTOR S. MARTINI,                )
                                  )
   Plaintiff,                     )
                                  )
   v.                             )   Civil Action No. 04-354 Erie
                                  )
PRESQUE ISLE CAPITAL              )
MANAGEMENT, INC., and             )
JAMES H. THOMAS,                  )
                                  )
   Defendants.                    )
                                  )

**Memorandum Order**

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Presently before the Court is Defendants' Motion for Reconsideration of our Order, dated March 6, 2006, in which we considered and rejected Defendants' Objections to the Magistrate Judge's Report and Recommendation; denied Defendants' Renewed Motion to Dismiss; and adopted the report and recommendation of Magistrate Judge Baxter (Doc. 28) dated February 6, 2006, as the Opinion of the Court.

A district court will reconsider an issue "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir.1995) "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D.Pa. Nov 04, 2003)(citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate

matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D.Pa. 2002) (citing Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.), affirmed, 31 F.3d 1175 (3d Cir.1994)).

Defendants appear to be seeking reconsideration based on the need to correct a clear error, namely that the Court failed to address Defendants' objection that the report and recommendation failed to address Defendant's requested dismissal for failure to plead the requisite elements of Count V. (Defendants' Motion for Reconsideration, at 1.) Specifically, Defendants assert that due to a typographical error in their Objections they referred the Court to the wrong document to support their argument that the Magistrate Judge failed to address one of the Defendants' arguments. Instead of referring to Document No. 25 at page 4, Defendants meant to refer the Court to Document No. 27 at page 4.

In our Order dated March 6, 2006, we stated:

> Defendants' Objection [that the Magistrate Judge failed to address one of their arguments] is mistaken. Defendants set forth two arguments: (1) that Count V should be dismissed because Plaintiff failed to comply with the Court's order to show cause *before* October 14, 2005, by filing his show cause pleading *on* October 14, 2005; and (2) that Count V should be dismissed for lack of subject matter jurisdiction for failing to plead the requisite amount in controversy to sustain jurisdiction. As to the first argument, the report and recommendation dealt with it on page 5. As to the second argument, the report and recommendation dealt with it on pages 5 through 7.

(Order, at 1-2.) Defendants do not ask for reconsideration of this part of the Order.

It is undisputed that in Defendants' Renewed Motion to Dismiss (Doc. 25) they only set forth the above two arguments. In addition, Defendants explain at the outset of their renewed motion to dismiss that they come to the Court "to Renew their Motion to Dismiss, pursuant to 28 U.S.C. § 1332, for lack of subject matter jurisdiction, in that the amount of controversy is less than $75,000." (Defendants' Renewed Motion to Dismiss, at 1.) Defendants never sought to renew their motion to dismiss based on their argument that Plaintiff failed to plead the required elements. Instead, Defendants improperly raised this issue in their Reply to Plaintiff's Response to Defendants' Renewed Motion to Dismiss (Doc. 27).

2

As noted by Defendants, they originally set forth their argument that Plaintiff failed to plead requisite elements in their Memorandum in Support of Motion for Summary Judgment or to Dismiss (Doc. 9). The Magistrate Judge issued a Report and Recommendation dated June 27, 2005 (Doc. 19) that disposed of Defendants' Motion for Summary Judgment or to Dismiss. Defendants failed to file a timely objection to that report and recommendation complaining of the Magistrate Judge's handling of their argument that Plaintiff failed to plead the required elements. Their attempt to raise this issue in a reply brief is untimely and insufficient.

We see no error by the Magistrate Judge in properly disposing of the only arguments presented by Defendants in their Renewed Motion to Dismiss, and ignoring the additional improperly presented argument in the Reply Brief. Having reviewed Defendants' argument in their motion for reconsideration we find no clear error in need of correction. We will therefore deny Defendants' motion for reconsideration.

The following Order is therefore entered.

AND NOW, to-wit, this __15th__ day of March, 2006, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Reconsideration (Doc. 32) be and hereby is DENIED.

/s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   counsel of record